IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN SIGLER**,<br><br>  Plaintiff,<br><br>  *v.*<br><br>**TRANS UNION LLC, et al.**,<br><br>  Defendant. | **CIVIL ACTION**<br><br>**NO. 20-4198-KSM** |

<u>**MEMORANDUM**</u>

**MARSTON, J.**                                                                                                   **March 7, 2022**

This is one of nearly 80 lawsuits filed by Plaintiff's counsel alleging that Defendant Trans Union LLC's credit reporting practices violate the Fair Credit Reporting Act ("FCRA"). In this case, Plaintiff Jonathan Sigler alleges that his credit report, which was prepared and issued by Trans Union, is "inaccurate" and "extremely misleading" because it lists the "Pay Status" of an account he held with Defendant Ally Financial Inc. as "Account 90 Days Past Due Date" even though the previously past due account had since been paid in full.  (Doc. No. 1.) Presently before the Court is Trans Union's Motion for Judgment on the Pleadings.  (Doc. No. 31.)  For the reasons below, Trans Union's motion is granted.

**I.    BACKGROUND**

Viewing the allegations in the complaint in the light most favorable to Sigler, the relevant facts are as follows.

Sigler took out an automobile loan with Ally in September 2011.  (Doc. No. 1-5 at 3.[1])

---

[1] "In deciding a motion for judgment on the pleadings, a court may consider 'the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiff's claims are based on the documents, and matters of public record.'"  *Burlington Ins. Co. v.*

The terms of the loan required him to make monthly payments for 72 months, but he was delinquent on several payments throughout the life of the loan. (*Id.*) In January 2018, Sigler's account was 90 days past due at the time he made a final payment to pay off the loan. His account balance was $0, and his account was closed. (*Id.*)

A credit report issued by Trans Union in September 2018 includes various information on Sigler's automobile loan account with Ally, including the following:

>   Balance:              $0
>   Last Payment Made:    01/05/2018
>   Pay Status:           Account 90 Days Past Due Date
>   Date Closed:          01/08/2018

(*Id.*) The report also notes, "Maximum Delinquency of 90 days in 12/2017 and in 01/2018 for $1,851." (*Id.*) Sigler sent Trans Union "a detailed and thorough dispute letter," challenging the notation indicating that his Ally account was "90 Days Past Due Date" as inaccurate. (Doc. No. 1 ¶ 11.) In response to Sigler's letter, Trans Union conducted an investigation. (*Id.* ¶ 12.) Following its investigation, Trans Union sent Sigler an "Investigation Report" detailing its findings. (Doc. No. 1-5.) Trans Union found that the information about Sigler's Ally account was accurate, so it did not make any modifications. (*Id.*; *see also* Doc. No. 1 ¶ 12.)

## II.   LEGAL STANDARD

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Motions for judgment on the pleadings are analyzed under the same standards as motions to dismiss. *Wolfington v. Reconstructive*

---

*Shelter Structures, Inc.*, 484 F. Supp. 3d 237, 240 (E.D. Pa. 2020) (quoting *Atiyeh v. Nat'l Fire Ins. Co. of Hartford*, 742 F. Supp. 2d 591, 595 (E.D. Pa. 2010)). Sigler attached Trans Union's "Investigation Report" to his Complaint (Doc. No. 1-5), so the Court may consider it at this stage. *See Walker v. Trans Union LLC*, CIVIL ACTION No. 20-5179, CIVIL ACTION No. 20-5235, 2021 WL 5866876, at *4 (E.D. Pa. Dec. 10, 2021).

*Orthopaedic Assocs. II PC*, 953 F.3d 187, 197 (3d Cir. 2019).  Judgment on the pleadings is appropriate if "the movant clearly establishes that no material issue of fact remains to be resolved that he is entitled to judgment as a matter of law."  *Rosenau v. Unifund Corp.*, 539 F.3d 218, 221 (3d Cir. 2008) (quoting *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290–91 (3d Cir. 1988)).  A dispute of fact is material if there is sufficient evidence for a reasonable factfinder to find in favor of the nonmoving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When determining whether the moving party is entitled to judgment as a matter of law, the Court must view the facts in the light most favorable to the non-moving party.  *Rosenau*, 539 F.3d at 221; *Shelly v. Johns-Manville Corp.*, 798 F.2d 93, 97 n.4 (3d Cir. 1986).

## III.   DISCUSSION

To state a claim under the FCRA, a plaintiff must establish that the information in his credit report was inaccurate.  *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010).  Information is "inaccurate" if it is incorrect or "misleading in such a way and to such an extent that it can be expected to have an adverse effect."  *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014).  A credit report that is technically accurate may be considered inaccurate for the purposes of the FCRA if it "is presented in such a way that it creates a misleading impression."  *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011) (internal quotation omitted)).

The question of whether a report is materially misleading is typically left to the jury.  *Gibbs v. Trans Union LLC*, Case No. 2:21-cv-00667-JDW, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021).  However, if "the court determines only one reasonable interpretation of the report exists, a court may determine the accuracy of the report as a matter of law."  *Samoura v. Trans Union LLC*, CIVIL ACTION NO. 20-5178, 2021 WL 915723, at *4 (E.D. Pa. Mar. 10,

2021).  In determining whether a report is materially misleading, "courts consider the credit report in its entirety rather than focusing on a single, isolated field."  *Gibbs*, 2021 WL 4439546, at \*2.

Sigler argues that his credit report is inaccurate because it incorrectly lists his "Pay Status" as "Account 90 Days Past Due Date" even though his account is closed and has a balance of "$0."  (Doc. No. 1 ¶ 10; Doc. No. 35 at 5.)  This argument is grounded in a glossary included with the Investigation Report, which defines "Pay Status" as "[t]he current status of the account; how you are currently paying."  (Doc. No. 35 at 4.)

Other courts in this District have rejected the same argument (made by the same counsel against the same defendant) time and again.  The FCRA provides a remedy where information in a *credit report* is inaccurate.  *Cortez*, 617 F.3d at 708.  The only place Trans Union indicates that "Pay Status" refers to the current, rather than historical, status of the account is in the Investigation Report's glossary.  (Doc. No. 35 at 4.)  Bur Sigler has not alleged the Investigation Report is included with the credit report or that lenders otherwise have access to the information in the Investigation Report.  (*See generally id.*)  Because the Court must "determine what a creditor would understand *from the [credit] report*," we decline to consider the glossary.  *Gibbs*, 2021 WL 4439546, at \*3; *see also Jackson v. Trans Union, LLC*, CIVIL ACTION No. 21-023, 2021 WL 5824200, at \*4 (E.D. Pa. Dec. 7, 2021); *Holland v. Trans Union LLC*, --- F. Supp. 3d ---, CIVIL ACTION No. 21-152, 2021 WL 5804375, at \*4 (E.D. Pa. Dec. 7, 2021); *Ostrander v. Trans Union LLC*, CIVIL ACTION NO. 20-5227, 2021 WL 3271168, at \*9 (E.D. Pa. July 30, 2021); *Bibbs v. Trans Union LLC*, 521 F. Supp. 3d 569, 575 (E.D. Pa. 2021).[2]

---

[2] Sigler attempted to distinguish certain of these cases in which the accounts at issue were closed because they were transferred rather than paid in full.  (Doc. No. 35 at 8–9.)  But this is "a distinction without a difference," *Gibbs*, 2021 WL 4439546, at \*3, and it is appropriate for the Court to consider and

4

Even if we were to consider the glossary, Sigler's argument would still be unavailing because the Investigation Report also indicates that "[f]or . . . accounts that have been closed and paid, Pay Status represents the last known status of the account." (Doc. No. 35-2 at 3.) Sigler's account is "closed and paid," but before he paid off the account, it had been in delinquency for 90 days, so the Pay Status is accurate. (*Id.* at 5.) *See Walker*, 2021 WL 5866876, at *5 n.3; *Holland*, 2021 WL 5804375, at *4 n.2; *Gibbs*, 2021 WL 4439546, at *3.

In the alternative, Sigler argues that the credit report is, at a minimum, misleading because it represents the Pay Status as 90 days past due even though his account has been paid in full. (Doc. No. 35 at 12.) In determining whether a credit report is materially misleading, a court must view the report in its entirety. *Gibbs*, 2021 WL 4439546, at *2. Viewing Sigler's credit report in its entirety, it is clear that no reasonable person would believe Sigler's account is past due. Although the Pay Status is listed as "past due," the report clearly indicates that the account is closed and has a balance of $0. (Doc. No. 1-5 at 3.) Moreover, the report also indicates, "Maximum Delinquency of 90 days in 12/2017 and in 01/2018 for $1,851," making it even less likely that a reasonable person would believe the account to be past due. (*Id.*) *See Ostrander*, 2021 WL 3271168, at *9 ("This remark, which is viewable by potential creditors, says, 'Maximum Delinquency of 60 days in 12/2013.' When read together with the other trade lines of the credit report, it would be impossible for a potential creditor to believe that the plaintiff's account is currently past due."); *see also, e.g.*, *Holland*, 2021 WL 5804375, at *4; *Jackson*, 2021 WL 5824200, at *4; *Gibbs*, 2021 WL 4439546, at *2.[3]

---

follow those cases here.

[3] Sigler also claims Trans Union failed to "conduct a good faith and reasonable investigation into Plaintiff's dispute." (Doc. No. 1 ¶ 29.) However, because the report was accurate and not materially misleading, we need not consider whether Trans Union conducted a reasonable investigation into Sigler's claim. See *Walker*, 2021 WL 5866876, at *4 ("The Court does not need to reach or consider the

Finally, for the first time in his opposition to Trans Union's motion for judgment on the pleadings, Sigler argues that his report might mislead a lender's algorithm because algorithms view data fields independently, and an algorithm may read the Pay Status field in isolation but fail to consider the $0 balance.  (Doc. No. 35 at 12.)  There are no allegations to this effect in Sigler's complaint, and a complaint "may not be amended by the briefs in opposition to a motion to dismiss."  *Pa. ex rel. Zimmerman v. PepsiCo, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) (internal citation omitted).  Because this is the first time Sigler has raised this argument, the Court will not consider it, but Sigler may seek leave to make these allegations in an amended complaint.  *See Jackson*, 2021 WL 5824200, at *5.[4]

## IV.   CONCLUSION

For the reasons above, we grant Trans Union's motion for judgment on the pleadings; however, Sigler may seek leave to amend his complaint should he choose to do so.

An appropriate Order follows.

---

reasonableness of a credit reporting agency's procedures under 15 U.S.C. § 1681e or the reasonableness of a credit reporting agency's reinvestigation under § 1681i unless the information contained in the report is inaccurate.").

[4] Sigler requests leave to amend his complaint (Doc. No. 35 at 16), but he has not submitted the proposed amended complaint, so the Court cannot determine whether amendment would be futile.  Accordingly, the Court denies Sigler's request for *leave* to amend; however, he may *seek leave* to amend.  *See Holland*, 2021 WL 5804375, at *8.