IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN SIGLER**, <br><br> Plaintiff, <br><br> v. <br><br> **TRANS UNION LLC**, *et al.*, <br><br> Defendants. | **CIVIL ACTION** <br><br> **NO. 20-4198-KSM** |

MEMORANDUM

**MARSTON, J.**                                                                                                    May 19, 2022

This is one of dozens of cases Plaintiff's counsel has brought against Defendant Trans Union LLC alleging that Trans Union's credit reporting practices violate the Fair Credit Reporting Act ("FCRA"). The Court previously granted Trans Union's motion for judgment on the pleadings. *See Sigler v. Trans Union LLC*, CIVIL ACTION NO. 20-4198-KSM, 2022 WL 672685 (E.D. Pa. Mar. 7, 2022). Sigler now seeks leave to amend his complaint to include a single allegation about the way "computer algorithms" read his credit report. (Doc. No. 44-1 ¶ 12.) The addition of this single allegation would not save Sigler's claim, so the Court denies his motion for leave to amend.

**I.    BACKGROUND**

Sigler originally alleged that his credit report (which Trans Union published) was inaccurate and misleading because it listed the account status for an automobile loan as "90 days past due" even though his account had been paid in full and was closed. (*See* Doc. No. 1.) Trans Union moved for judgment on the pleadings. (Doc. No. 31.) The Court granted Trans Union's motion because Sigler's credit report was technically correct and was not misleading. *See Sigler*,

2022 WL 672685, at *2–3.  We explained that the report was not misleading because "no reasonable person would believe" Sigler was presently delinquent on the loan as the report included a notation that the balance had been paid in full and the account was closed.  *Id.* at *3.  The Court did, however, permit Sigler to seek leave to amend the Complaint to include allegations about how lenders' algorithms may misread the report.  *Id.*

Sigler timely sought leave to amend and provided the Court with a copy of the Proposed Amended Complaint.  (Doc. No. 44.)  The Proposed Amended Complaint is nearly identical to the Original Complaint with the addition of a single allegation regarding lenders' algorithms: "The computer algorithms used by the lending industry to determine a consumers credit worthiness will misinterpret the status of Plaintiff's account as reported to be a current past due obligation, thus negatively affecting Plaintiff's credit worthiness."  (Doc. No. 44-1 ¶ 12.)  Trans Union argues this amendment would be futile because the way a lender's algorithm might read a credit report has no bearing on whether the report is actually misleading or not.  (Doc. No. 45 at 6.)

## II.   LEGAL STANDARD

Where a responsive pleading has been served, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  "The court should freely give leave when justice so requires."  *Id.*  "Prejudice to the non-moving party is the touchstone for the denial of an amendment." *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993) (quoting *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 820, 823 (3d Cir. 1993)).  "In the absence of substantial or undue prejudice, denial must be grounded in bad faith or dilatory motives, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment."  *Heyl & Patterson*

*Int'l, Inc. v. F. D. Rich Hous. of the V.I., Inc.*, 663 F.2d 419, 425 (3d Cir. 1981).

Amendment is futile where the proposed amended complaint "would fail to state a claim upon which relief could be granted." *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir. 2010) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). In assessing futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1434. To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Zuber v. Boscov's*, 871 F.3d 255, 258 (3d Cir. 2017) (quotation marks omitted).

## III. DISCUSSION

As noted above, the Proposed Amended Complaint is essentially identical to the Original Complaint but for the addition of a single allegation that lenders' algorithms might misinterpret Sigler's credit report. (Doc. No. 44-1 ¶ 12.) And in deciding the motion for judgment on the pleadings, the Court determined that the Original Complaint failed to state a claim. *See Sigler*, 2022 WL 672685, at *2–3. Accordingly, this amendment would be futile unless the additional allegation that lenders' algorithms will misinterpret Sigler's credit report would state a claim.

To state a claim under the FCRA, a Plaintiff must establish that the information in his credit report was inaccurate. *Cortez v. Trans Union, LLC*, 617 F.3d 688, 708 (3d Cir. 2010). Information is "inaccurate" if it is incorrect or "misleading in such a way and to such an extent that it can be expected to have an adverse effect." *Seamans v. Temple Univ.*, 744 F.3d 853, 865 (3d Cir. 2014). A credit report that is technically accurate may be considered inaccurate for the purposes of the FCRA if it "is presented in such a way that it creates a misleading impression." *Schweitzer v. Equifax Info. Sols. LLC*, 441 F. App'x 896, 902 (3d Cir. 2011).

The question of whether a report is materially misleading is typically left to the jury. *Gibbs v. Trans Union LLC*, Case No. 2:21-cv-00667-JDW, 2021 WL 4439546, at *2 (E.D. Pa. Sept. 28, 2021).  However, where "only one reasonable interpretation of the report exists, a court may determine the accuracy of the report as a matter of law."  *Samoura v. Trans Union LLC*, CIVIL ACTION NO. 20-5178, 2021 WL 915723, at *4 (E.D. Pa. Mar. 10, 2021).  In determining whether a report is materially misleading, "courts consider the credit report in its entirety rather than focusing on a single, isolated field."  *Gibbs*, 2021 WL 4439546, at *2.

The Court has already determined that Sigler's credit report was neither incorrect nor misleading, *see Sigler*, 2022 WL 672685, at *2–3, and the addition of a single allegation regarding how a lenders' algorithm might read the report would not change that conclusion. "The question . . . is whether the credit report is misleading, not whether some third party could read the credit report incorrectly."  *Gibbs v. Trans Union LLC*, Case No. 2:21-cv-00667-JDW, 2021 WL 5882109, at *2 (E.D. Pa. Dec. 13, 2021).  The report here is accurate:  it is technically correct and is not misleading when viewed as a whole.  The fact that an unidentified third-party lender may review the report through an algorithm that looks at each cell individually (rather than at the report wholistically) does not render the report misleading.  *See Walker v. Trans Union LLC*, CIVIL ACTION No. 20-5179, 2022 WL 309434, at *2 (E.D. Pa. Feb. 2, 2022) ("Thus, the plaintiffs' additional allegation fails out of the gate because their argument is that some unspecified algorithms used by 'the lending industry' will misread information that the Court has already determined is not inaccurate as a matter of law."); *Gibbs*, 2021 WL 5882109, at *2 ("Even if the Court accepts that lenders use computer algorithms that misinterpret the status of Ms. Gibbs's accounts, and that the lender who denied her pre-approval for a home loan did so in reliance on an algorithm's misinterpretation of Trans Union's reporting data, that does not

make it plausible that the credit report itself is inaccurate . . . ."); *see also Thomas v. Transunion, LLC*, CIVIL ACTION NO. 21-2241, 2022 WL 1288733, at *5 (E.D. La. Apr. 29, 2022) ("[T]he fact that Thomas's credit score may have been adversely affected by a computer algorithm's misinterpretation of Trans Union's reporting of Thomas's Self Financial account data does not mean the report itself is inaccurate."); *O'Neal v. Equifax Info. Servs., LLC*, CASE NO. 21-CV-80968-RAR, 2021 WL 4989943, at *3 (S.D. Fla. Oct. 27, 2021) ("How third-party companies . . . decipher the accurate information reported by Defendant has no bearing on the accuracy of the report itself.").

Amendment would also be futile as the proposed additional allegation is too speculative to state a claim for relief. The proposed addition alleges that lenders' algorithms *will misinterpret* Sigler's credit report, not that lenders' algorithms *are misinterpreting* or *have misinterpreted* Sigler's credit report. (Doc. No. 44-1 ¶ 12.) Because this allegation is entirely speculative, it would be futile to allow Sigler to amend the complaint to include it. *See Walker*, 2022 WL 309434, at *2 (holding that a nearly identical allegation was insufficient to state a claim that Trans Union violated the FCRA because the plaintiffs "have not alleged any facts that computer algorithms are presently misinterpreting their credit information").

The Court has already determined that Sigler's credit report is accurate, and the addition of the allegation that lenders' algorithms may, at some point in the future, misinterpret the credit report, does not change the Court's conclusion. Thus, this amendment would be futile.

## IV. CONCLUSION

Because amendment would be futile, the Court denies Sigler's motion for leave to amend. An appropriate Order follows.